IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT CAMPBELL,

                Plaintiff,                Case No. 3:05 CV 7055

-vs-

                                            <u>MEMORANDUM   OPINION</u>

AIR TRANSPORT INTERNATIONAL
LIMITED LIABILITY CO.,

                Defendant.

KATZ, J.

Plaintiff, Scott Campbell, originally filed this action in the Court of Common Pleas, Lucas County, Ohio alleging only state common law causes of action against the Defendants. On February 18, 2005 Defendants Air Transport Internati8onal LLC ("ATI") and BAX Global, Inc. ("BAX") filed a notice of removal in this Court based on a diversity of citizenship allegation. On March 18, 2005 the Plaintiff filed a motion to remand pursuant to 28 U. S. C. § 1447©) (Doc. No. 9) and the Defendant ATI filed an opposition (Doc. No. 14) as to which Plaintiff filed a reply (Doc. No. 15). Because BAX clearly is not a citizen of the State of Ohio, the discussion will be only as applicable to ATI. For the reasons noted below, Plaintiff's motion to remand will be denied.

## BACKGROUND

Plaintiff is clearly a citizen of the State of Michigan. ATI is incorporated in the State of Nevada, has executive offices in Little Rock, Arkansas (which it claims as its principal place of business) and operates its charter airline company through a "primary hub in Toledo, Ohio,"

which, according to its website, "serves as a base for ATI's large fleet of aircraft." According to the affidavits filed on behalf of the Defendant, it has a maintenance facility at Toledo Express Airport, but represents in its "General Operations Manual", a document required by the Federal Aviation Administration, the Company's principal base of operation is located in Little Rock, Arkansas. ATI employs approximately 584 people on a worldwide basis, of whom 421 are located or based in Little Rock. Only 47 are located or otherwise based in Toledo. (See Aff. Of Turnitseed, Ex. B to Def. Memo). ATI, according to that affidavit, has approximately 37 different departments, of which 31 are located in Little Rock and the balance at Toledo, none of which have operational control of the Company or its fleet of aircraft. The departments located at headquarters in Arkansas include the Executive Committee, Human Resources, Travel, Finance, Operations, Technical Services, Safety, Security and Sales. These departments generally would be deemed to qualify as the "nerve center" of the corporate operations. All of the Company's executives and officers are located in Little Rock. All of the "certificate positions" required by FAA regulations for a supplemental air carrier are located in Little Rock.

## DISCUSSION

Because there can be only one "principal place of business" for the purpose of establishing citizenship under the diversity statute, it is necessary that the Court determine the location of that principal place of business. *Gafford v. General Electric Co.*, 997 F.2d 150, 161 (6th Cir. 1993). The *Gafford* court discussed the "nerve center" test, which emphasizes the site of decisionmaking authority and corporate control, as well as the "corporate activities" or "place of activity" test, which emphasize the location of production facilities. The Sixth Circuit in *Gafford* held that these two tests are not mutually exclusive and that factors considered in both should be considered in

the "total activity" test. The court in *Gafford* also held that the following "general rules" maintain for analyzing the principal place of business issue:

> [1] The principal place of business of a far flung corporation will generally be its nerve center, \*\*\*; ...; [2] The principal place of business of a corporation with significant administrative authority and activity in one state and a lesser executive offices but principal operations in another state is generally the district of the former ...; and [3] The principal place of business of a corporation with its corporate headquarters in one state and its single activity in another will generally be in the state of its operations....

*Gafford*, *supra* at p. 162. (Internal citations omitted). This Court agrees with the Defendant that ATI's operations most closely resemble the first of the three general tests set forth in *Gafford*. While there is a significant operation here, it is beyond question that the Company's "nerve center" is located in Little Rock where almost all significant operational and managerial decisions take place. The second *Gafford* rule also would result in the same conclusion. And the third *Gafford* rule is simply inapplicable to the case at bar.

The Plaintiff cites the recent case decided by this Court of *Restaco, Inc. v. AMI Reichert, LLC,* 2005 Lexis U.S. Dist. LEXIS 2012 at (N.D. Ohio February 15, 2005). In that case this Court held that the principal place of business of the defendant manufacturing company was the place it sole manufacturing facility was located. However, in that case not only was the sole manufacturing facility located in the State of Ohio, but all other significant contacts were within this state, including the decisionmaking operations, almost all employees and the fact that the defendant was only licensed to conduct business in Ohio. That case is significantly distinguishable from the case before us. Clearly, the activities occurring worldwide are governed and controlled through the decisionmaking, record keeping and employee operations occurring at the headquarters of ATI in Little Rock, Arkansas.

The Defendant has cited the Court to the Seventh Circuit case of *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). There the court ruled that in determining diversity of citizenship, a court must consider the citizenship of the members of the defendant limited liability company. The issue has not been decided by the Sixth Circuit in any reported opinion. However, in an unreported opinion the Sixth Circuit panel did in fact use the *Cosgrove* reasoning. *See Homfeld II, LLC v. Comair Holdings, Inc.* 53 Fed. Appx. 731, 2002 U.S. App. LEXIS 24625 (2002). As noted by the Defendant, the only two entities with ownership interest in ATI as members of that LCC are corporations which do not have their principal activities in Ohio. Therefore, under the *Cosgrove* test, alternatively, diversity of citizenship would be found.

## CONCLUSION

Because the Court finds that the overwhelming number of employees and the nerve center operations and corporate control of ATI are established in Little Rock, Arkansas, and that the Ohio operations, while significant, do not create Ohio as the place of principal business of ATI, diversity of citizenship is appropriate and the Plaintiff's motion is denied.

A case management conference is set for January 6, 2006 at 10:00 a.m.

IT IS SO ORDERED.

                s/ *David A. Katz*  
              DAVID A. KATZ  
              SENIOR U. S. DISTRICT JUDGE